UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 JAN 16  P 3: 21

U.S. DISTRICT COURT
DISTRICT OF MASS

JEFFREY R. SMITH

V.                                          CIVIL ACTION NO. 07-

YELOFF REALTY CO., INC.

## COMPLAINT

This is an action seeking injunctive, declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. s. 1201, et. seq. The plaintiff, Jeffrey R. Smith brings this cause of action against Yeloff Realty Co., Inc. and alleges as follows:

## PARTIES

1. The plaintiff, Jeffery R. Smith, age 26, resides at 3040 Cranberry Highway, Unit 45, East Wareham, MA 02558. Mr. Smith relies completely upon a wheelchair for ambulation. He suffered a brain injury in a car accident on March 23, 1997 when he was sixteen years old. He is a qualified individual with disabilities under the ADA.

2. Mr. Smith is a member of an advisory board to the Boston Red Sox on the subject of persons with disabilities to Fenway Park. He has traveled to Boston for board meetings and intends to visit Boston in the future. He also has friends and acquaintances in Boston with whom he visits on a regular basis.

3. The defendant, Yeloff Realty Co., Inc. is a Massachusetts corporation organized and existing under the laws of the Commonwealth.

4. The defendant, Yeloff Realty Co., Inc. has a principal place of business at 117 East

Berkeley Street, Boston, Massachusetts 02118.

5. The defendant, Yeloff Realty Co., Inc. owns the property located at 21 Kingston Street, Boston, Massachusetts.

6. Upon information and belief, the defendant Yeloff Realty Co, Inc. owns the property known as J.J. Foley's Bar & Grill at 21 Kingston Street, Boston, Massachusetts.

7. Under the ADA, both the landlord who owns a building that houses a place of public accommodation and the tenant who owns or operates a place of public accommodation within the building are public accommodations subject to the requirements of the ADA.

8. As between landlord and tenant, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract, but each may be held liable for violations of the ADA.

CAUSE OF ACTION

9. The ADA provides, "No invidual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases(or leases to), or operates a place of public accommodation. 42 U.S.C. s. 12182(a).

10. The ADA public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur.

11. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain acess to each and every feature of a facilty or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. 42 U.S.C. s. 12188(a)(1).

12. The "futile gesture" provision extends so far as to allow a person who uses a wheelchair to challenge the planned construction of a new place of public accommodation that would not be accessible to individuals who use wheelchairs. The resolution of such challenges prior to the construction of an inaccessible facility would enable any necessary remedial measures to be incorporated in the building at the planning stage, when such changes would be relatively inexpensive.

13. This case arises out of the defendant's unlawful practice of denying access to the facilities, goods and services offered at J.J. Foley's Bar & Grill to persons with disabilities, such as the plaintiff, Jeffrey R. Smith.

JURISDICTION

14. The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. s. 1331 and s. 1343 in that this action arises under the laws of the United States and the defendant is subject to personal jurisdiction.

15. Venue is proper in this Court under 28 U.S.C. s. 1391, the claim having arisen in the District of Massachusetts.

16. On or about November 10, 2006, the plaintiff attempted to visit J.J. Foley's Bar & Grill.

17. The main entrance of J.J. Foley's included flight of steps that ascend to get into the bar/restaurant.

18. Mr. Smith was unable to gain access to the bar/restaurant as a result of the barriers at the entrance.

19. Mr. Smith was denied meaningful and equal access to the facilities, goods and services of J.J. Foley's due to its lack of accessibility and a lack of compliance with the

ADA's requirements regarding the removal of architectural barriers to access by persons with disabilities.

20. Mr. Smith wishes to patronize J.J. Foley's Bar & Grill in the future, but continues to be denied meaningful and safe access to the restaurant due to the ADA violations that continue to exist there. He cannot get inside, much less be served like anyone else inside.

## COUNT 1 VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. All events giving rise to this lawsuit occurred in the Commonwealth of Massachusetts.

22. On or about July 26, 1996, Congress enacted the ADA, which is codified at 42 U.S.C. s. 12181 and 28 C.F.R. Part 36.

23. The defendant has discriminated against the plaintiff and continues to discriminate against the plaintiffs by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of J.J. Foley's Bar & Grill prohibited by 42 U.S.C. s. 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. s. 12183(a)(2).

24. Pursuant to the mandates of 42 U.S.C. s. 12134(a), on July 26, 1991, the Department Justice, Office of the Attorney General, promulgated federal regulation to implement the requirements of the ADA. The regulations are codified at 28 C.F.R. Part 36. The regulations are known as the "ADAAG's" or the American with Disabilities Act Accessibility Guidelines."

25 J.J. Foley's Bar & Grill is a place of public accommodation subject to the provisions of Title III of the ADA.

26. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such manner that, to maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. s. 12183(a)(2).

27. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible.

28. Mr. Smith attempted to visit J.J. Foley's Bar & Grill on November 10, 2006.

29. In his attempt to visit J.J. Foley's Bar & Grill, Mr. Smith observed, encountered, and suffered discrimination as a result of architectural barriers to access at J.J. Foley's Bar & Grill.

30. Mr. Smith intends to return to J.J. Foley's Bar & Grill as soon as the architectural barriers to access are removed.

31. During his visit on November 10, 2006, Mr. Smith encountered barriers to access set forth below.

32. There are no accessible ramps that allow disabled persons to gain access to the restaurant.

33. There is no accessible route from the street, sidewalk, and parking areas, in violation of the requirements of Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

34. The door at the building's entrance is fitted with inaccessible hardware in violation of Section 4.13.9 of the ADAAG.

35. There are rises at the thresholds of the entrances in excess of ¾ of an inch, in

violation of ADAAG 4.5.2 and ADAAG 4.13.8.

36. The clear width and or clearance at the door of J.J. Foley's Bar & Grill is than the prescribed minimums, in violation of ADAAG 4.13.5 and ADAAG 4.13.6.

37. The door at J.J. Foley's Bar & Grill requires excessive force to open in violation of 4.13.11 of the ADAAG.

38. The stairs do not comply with the standards prescribed in 4.9 if the ADAAG.

39. There is no continuous path of travel connecting all essential elements of J.J. Foley's in violation of 4.3.1 and 4.3.2 of the ADAAG.

40. There is no means of emergency egress or area of rescue assistance in violation of the requirements of 4.3.11 of the ADAAG.

41. There are protruding objects present throughout the restaurant, in violation of 4.4 of the ADAAG.

42. There is insufficient clear floor space to access goods or services, in violation of the ADAAG's.

43. The seating provided at J.J. Foley's Bar & Grill does not comply with 4.32 of the ADAAG.

44. There are no bathrooms that are fully wheelchair accessible.

45. The toilet stalls provided for public use are in violation of 4.17 of the ADAAG.

46. The defendant has failed to remove barriers to access by persons with mobility disabilities at J.J. Foley's Bar & Grill where such removal is readily achievable.

47. The defendant has failed to provide auxiliary aids and services at J.J. Foley's Bar & Grill where provision of such services would not pose any undue economic or architectural burden.

48. The defendant has failed to modify practices and procedures at J.J. Foley's where required to ensure equal access for persons with disabilities.

49. The defendant has altered J.J. Foley's without complying with access requirements mandated by Title III of the ADA.

50. On information and belief, the plaintiff alleges that there are other violations present at J.J. Foley's that will be more fully alleged upon discovery and further inspection.

51. The defendant has not made reasonable efforts required under the ADA to remove such barriers to the extent readily achievable nor have the defendants complied with accessibility standards to the maximum feasible.

52. The defendant, by maintaining barriers, has failed to comply with the ADA and access requirements for areas of new construction or alteration.

53. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible.

54. The actions and initiatives that the defendant has failed to undertake in order to make J.J. Foley's Bar & Grill accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendant.

55. The defendant's conduct constitutes ongoing and continuous violations of the ADA and unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiff has no adequate remedy at law.

WHEREFORE, The plaintiff requests that the Court will order the defendant to alter J.J. Foley's Bar & Grill located at 21 Kingston Street, Boston, Massachusetts to make it

accessible by individuals with disabilities to the maximum extent feasible and award the plaintiff appropriate attorney's fees and costs of this suit as provided by 42 U.S.C. s. 12205.

Plaintiff,
By his attorney,

Edward N. Garno
592 Essex Street
Lawrence, MA 01840
978-687-7805
#564378